Xiaomao Wang, Respondent, -against
against
Alberto Martinez, Defendant, -and- BRUCE A. PAYNE ASSOCIATES, INC., Appellant. XIAOMAO WANG, Respondent, NO. 2014-1245 Q C ALBERTO MARTINEZ, Appellant, -and- BRUCE A. PAYNE ASSOCIATES, INC., Defendant.



Separate appeals by defendants Alberto Martinez and Bruce A. Payne Associates, Inc. from a judgment of the Civil Court of the City of New York, Queens County (Jody Orlow, J.), entered June 27, 2013. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $11,800 as against each defendant.




ORDERED that, on the court's own motion, the appeals are consolidated for the purposes of disposition; and it is further,
ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a judgment dismissing the complaint as to each defendant.
On August 13, 2012, plaintiff and defendant Alberto Martinez executed a contract for the sale to plaintiff of a two-family residential premises with a closing date of December 28, 2012. The contract required compliance with notices of violations of law "issued as of the date hereof" and the disclosure of lead-based paint conditions, if known (see 42 USC § 4852d [a] [1] [B]), and also provided for a 10-day period for the purchaser "to conduct a risk assessment or inspection for the presence of lead-based paint hazards" (42 USC § 4852d [1] [a] [C]). At that time, or shortly thereafter, plaintiff's counsel hired defendant Bruce A. Payne Associates, Inc., a title abstract company, to investigate, among other things, violation notices "recorded in the Public Records." Plaintiff failed to exercise his right to conduct a lead-paint investigation, and never requested that defendant Bruce A. Payne Associates, Inc. do so. On November 29, 2012, the New York City Department of Health and Mental Hygiene conducted a lead-paint investigation at the premises in question, and, on December 10, 2012, a violation report was mailed to defendant Martinez at the premises. Title to the premises passed to plaintiff on December 29, 2012, and, in early January of 2013, plaintiff received a violation notice and order to cure. Plaintiff complied with the order and commenced this action against Martinez and the title company to recover the costs of the lead-paint remediation. Following a nonjury trial, the Civil Court awarded plaintiff the principal sum of $11,800 against each defendant, who now separately appeal.
At the trial, Martinez testified that he had not been aware of the existence of a lead-paint condition at the time he was required to make the necessary disclosures and that he did not reside at the premises, did not receive mail there, and was never informed by a tenant at the premises of either the inspection or the violation notice. No proof was offered to establish that the lead-paint condition was known to the seller, defendant Martinez, on August 13, 2012 or prior to the closing, and the principal of defendant title abstract company testified that, even as of February 2013, no reference to the investigation and violation report had appeared in the public record. The principal's unrebutted proof also established that an on-site lead-paint investigation was not contemplated in the contract between Bruce A. Payne Associates, Inc. and plaintiff, and that neither plaintiff nor his counsel had asked that it be done prior to the closing. Absent proof of the seller's actual knowledge (42 USC § 4852d [a] [1] [B]; see also Real Property Law § 461 [3]) or a breach of the contract with the title abstract company, it cannot be said that either defendant " thwarted the plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor' " (Daly v Kochanowicz, 67 AD3d 78, 91-93 [2009], quoting Jablonski v Rapalje, 14 AD3d 484, 485 [2005]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment dismissing the complaint as to each defendant.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: May 02, 2016